IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS NOEL DeFRANTZE, | No. CIV S-08-1863-LKK-CMK-P |
| Petitioner, | |
| vs. | <u>FINDING S AND RECOMMENDATIONS</u> |
| ERIK MANESS,[1] | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are petitioner's petition for a writ of habeas corpus (Doc. 1), respondent's answer (Doc. 20), and petitioner's reply (Doc. 23).

/ / /

/ / /

/ / /

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Erik Maness is substituted for his predecessor. The Clerk of the Court is directed to update the docket to reflect the above caption.

1

# I. BACKGROUND

Petitioner pleaded no contest to possession of a controlled substance. On August 26, 2006, petitioner was sentenced to 16 months in prison. The term was suspended, however, and petitioner was placed on formal probation for a period of five years. See Lodged Doc. 1. During the probation period, petitioner was required to participate in a substance abuse treatment program established by the voters under Proposition 36. See id. Petitioner did not appeal.

A minute order dated March 2, 2007, incorrectly noted that petitioner's probation was informal instead of formal. See Lodged Doc. 3, Tab 1. At a hearing on July 17, 2007, at which both petitioner and counsel were present, the trial court discovered the error and made the following entry: "Ex Parte: Nunc Pro Tunc as of 3/2/07 Deft to remain in **Formal** prob OTC Delete Informal prob – error." See Lodged Doc. 3, Tab 2 (emphasis in original). Again, petitioner did not appeal.

Petitioner filed a habeas corpus petition in the Sacramento County Superior Court arguing that the July 17, 2007, minute order changed his informal probation to formal probation without providing him an opportunity to be heard. The court denied the petition because "petitioner may raise this claim directly in the [underlying] pending proceedings. . ." in which probation was originally ordered. See Lodged Doc. 6. Both the California Court of Appeal and California Supreme Court denied habeas relief without comment or citation.

On August 22, 2008 – eleven days after the instant federal petition was filed – an amended information was filed charging petitioner with felony transportation of a controlled substance. See Lodged Doc. 11. Following a jury trial, petitioner was convicted on September 25, 2008, and, as of January 2009, was awaiting sentencing. See id.

/ / /
/ / /
/ / /

## II. STANDARDS OF REVIEW

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are presumptively applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998). The AEDPA does not, however, apply in all circumstances. When it is clear that a state court has not reached the merits of a petitioner's claim, because it was not raised in state court or because the court denied it on procedural grounds, the AEDPA deference scheme does not apply and a federal habeas court must review the claim de novo. See Pirtle v. Morgan, 313 F.3d 1160 (9th Cir. 2002) (holding that the AEDPA did not apply where Washington Supreme Court refused to reach petitioner's claim under its "re-litigation rule"); see also Killian v. Poole, 282 F.3d 1204, 1208 (9th Cir. 2002) (holding that, where state court denied petitioner an evidentiary hearing on perjury claim, AEDPA did not apply because evidence of the perjury was adduced only at the evidentiary hearing in federal court); Appel v. Horn, 250 F.3d 203, 210 (3d Cir.2001) (reviewing petition de novo where state court had issued a ruling on the merits of a related claim, but not the claim alleged by petitioner). When the state court does not reach the merits of a claim, "concerns about comity and federalism . . . do not exist." Pirtle, 313 F. 3d at 1167.

Where AEDPA is applicable, federal habeas relief under 28 U.S.C. § 2254(d) is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F. 3d 1223, 1229 (9th Cir. 2001). Thus,

under § 2254(d), federal habeas relief is available only where the state court's decision is "contrary to" or represents an "unreasonable application of" clearly established law. Under both standards, "clearly established law" means those holdings of the United States Supreme Court as of the time of the relevant state court decision. See Carey v. Musladin, 127 S.Ct. 649, 653-54 (2006). "What matters are the holdings of the Supreme Court, not the holdings of lower federal courts." Plumlee v. Masto, 512 F.3d 1204 (9th Cir. Jan. 17, 2008) (en banc). Supreme Court precedent is not clearly established law, and therefore federal habeas relief is unavailable, unless it "squarely addresses" an issue. See Moses v. Payne, ___ F.3d ___ (9th Cir. Sept. 15, 2008) (citing Wright v. Van Patten, 128 S.Ct. 743, 746 (2008)). For federal law to be clearly established, the Supreme Court must provide a "categorical answer" to the question before the state court. See id.; see also Carey, 127 S.Ct at 654 (holding that a state court's decision that a defendant was not prejudiced by spectators' conduct at trial was not contrary to, or an unreasonable application of, the Supreme Court's test for determining prejudice created by state conduct at trial because the Court had never applied the test to spectators' conduct). Circuit court precedent may not be used to fill open questions in the Supreme Court's holdings. See Carey, 127 S.Ct. at 653.

In Williams v. Taylor, 529 U.S. 362 (2000) (O'Connor, J., concurring, garnering a majority of the Court), the United States Supreme Court explained these different standards. A state court decision is "contrary to" Supreme Court precedent if it is opposite to that reached by the Supreme Court on the same question of law, or if the state court decides the case differently than the Supreme Court has on a set of materially indistinguishable facts. See id. at 405. A state court decision is also "contrary to" established law if it applies a rule which contradicts the governing law set forth in Supreme Court cases. See id. In sum, the petitioner must demonstrate that Supreme Court precedent requires a contrary outcome because the state court applied the wrong legal rules. Thus, a state court decision applying the correct legal rule from Supreme Court cases to the facts of a particular case is not reviewed under the "contrary to" standard. See

id. at 406.  If a state court decision is "contrary to" clearly established law, it is reviewed to determine first whether it resulted in constitutional error.  See Benn v. Lambert, 293 F.3d 1040, 1052 n.6 (9th Cir. 2002).  If so, the next question is whether such error was structural, in which case federal habeas relief is warranted.  See id.  If the error was not structural, the final question is whether the error had a substantial and injurious effect on the verdict, or was harmless.  See id.

State court decisions are reviewed under the far more deferential "unreasonable application of" standard where it identifies the correct legal rule from Supreme Court cases, but unreasonably applies the rule to the facts of a particular case.  See id.; see also Wiggins v. Smith, 123 S.Ct. 252 (2003).  While declining to rule on the issue, the Supreme Court in Williams, suggested that federal habeas relief may be available under this standard where the state court either unreasonably extends a legal principle to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply.  See Williams, 529 U.S. at 408-09.  The Supreme Court has, however, made it clear that a state court decision is not an "unreasonable application of" controlling law simply because it is an erroneous or incorrect application of federal law.  See id. at 410; see also Lockyer v. Andrade, 123 S.Ct. 1166, 1175 (2003).  An "unreasonable application of" controlling law cannot necessarily be found even where the federal habeas court concludes that the state court decision is clearly erroneous.  See Lockyer, 123 S.Ct. at 1175.  This is because ". . . the gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."  Id.  As with state court decisions which are "contrary to" established federal law, where a state court decision is an "unreasonable application of" controlling law, federal habeas relief is nonetheless unavailable if the error was non-structural and harmless.  See Benn, 283 F.3d at 1052 n.6.

/ / /

/ / /

/ / /

The "unreasonable application of" standard also applies where the state court denies a claim without providing any reasoning whatsoever. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 233 F.3d 976, 982 (9th Cir. 2000). Such decisions are considered adjudications on the merits and are, therefore, entitled to deference under the AEDPA. See Green v. Lambert, 288 F.3d 1081 1089 (9th Cir. 2002); Delgado, 233 F.3d at 982. The federal habeas court assumes that state court applied the correct law and analyzes whether the state court's summary denial was based on an objectively unreasonable application of that law. See Himes, 336 F.3d at 853; Delgado, 233 F.3d at 982.

### III. DISCUSSION

Petitioner raises two claims: (1) the July 17, 2007, order violated due process because he was not provided an opportunity to be heard; and (2) he was denied the right to appeal the July 17, 2007, order.

Turning to petitioner's second claim first, respondent argues that the claim is unexhausted because it was never presented to the California Supreme Court. Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be presented to the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

1         Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[2]

        In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000). It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident. See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001).

        In this case, a review of petitioner's habeas petition to the California Supreme Court reflects that he raised only one claim. See Lodged Doc. 9. Specifically, he raised the same claim he presented to the Sacramento County Superior Court – that his right to due process was violated because he was not provided an opportunity to be heard before the July 17, 2007, order was issued. See id. Petitioner never argued in state court that he was denied the right to appeal. Because the second claim is unexhausted, the court cannot grant relief.

///

---

[2] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

1	        Turning to petitioner's first claim – that he was denied due process with respect to the July 17, 2007, order – the claim is meritless. The minute order from July 17, 2007, clearly shows that both petitioner and his counsel were present. See Lodged Doc. 4. Therefore, petitioner was provided every opportunity to be heard. Furthermore, the court on July 17, 2007, did nothing more than correct an error and recite the sentence as originally imposed. Finally, as respondent notes, petitioner's recent conviction in 2008 disqualifies petitioner from participation in the Proposition 26 drug program and revocation of his probation. Thus, even if petitioner's probation had been improperly changed from informal to formal, the issue would now be moot. For these reasons, the court cannot say that the state court's denial of petitioner's first claim was either contrary to or an unreasonable application of any clearly established law.

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus (Doc. 1) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 4, 2009

                                                             /s/ Craig M. Kellison  
                                                             **CRAIG M. KELLISON**  
                                                             UNITED STATES MAGISTRATE JUDGE